**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND; BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND; BOILERMAKERS NATIONAL ANNUITY TRUST; BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; JOHN FULTZ as a fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND, BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND, BOILERMAKERS NATIONAL ANNUITY TRUST and BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND; and DALE BRANSCUM, II as a fiduciary of THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND, Plaintiffs, vs. THE SMEDLEY COMPANY, Defendant. | Case No. 2:19-CV-2061 |

## COMPLAINT

Plaintiffs, for their cause of action against Defendant, The Smedley Company, state as follows:

### PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1. Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

### NATURE OF THE CASE

2. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to collect fringe benefit

1

contributions from the Defendant as may be due and owing to the Plaintiff Employee Benefit Plans.

## PARTIES

3. Plaintiff Boilermaker-Blacksmith National Pension Fund (hereinafter "the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

4. Plaintiff Boilermakers National Health and Welfare Fund (hereinafter "the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Health & Welfare Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

5. Plaintiff Boilermakers National Annuity Trust (hereinafter "the Annuity Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Annuity Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Annuity Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas

66101, which is located within the territorial boundaries of the District of Kansas.  The Annuity Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. Plaintiff Boilermakers' Apprenticeship and Training Funds (hereinafter "the Apprenticeship Funds") are "employee benefit plans" within the meaning of 29 U.S.C. § 1002(3).  The Apprenticeship Funds are legal entities that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The Apprenticeship Funds maintain their principal place of administration at 753 State Avenue, Kansas City, Kansas 66101.  The Apprenticeship Funds' agent for the collection of contributions is located at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas.  The Apprenticeship Funds are "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) and (6) of the LMRA, 29 U.S.C. § 186(c)(5) and (6).

7. Plaintiff John Fultz is a fiduciary of the Plaintiffs Pension Fund, Health & Welfare Fund, Annuity Fund, and Apprenticeship Funds within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

8. Plaintiff Mobilization, Optimization, Stabilization and Training Fund (hereinafter "the MOST Fund") is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3).  The MOST Fund maintains its principal place of administration at 753 State Avenue, Kansas City, Kansas 66101, which is located in the District of Kansas.  The MOST Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  Additionally, the MOST Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c).

9. Plaintiff Dale Branscum, II is a fiduciary of the MOST Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

10. Defendant, The Smedley Company (hereinafter "Smedley") is a corporation organized under and existing by virtue of the laws of the State of Connecticut. Smedley is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

11. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

12. Whereas the Plaintiff employee benefit plans are administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

13. At all times relevant hereto, Smedley has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO (hereinafter "Boilermakers International") and/or affiliate local unions of the Boilermakers International (collectively, "the Union").

14. Each of the Plaintiffs Pension Fund, Health & Welfare Fund, Annuity Fund, Apprenticeship Funds, and MOST Fund (hereinafter collectively "the Funds) is established and operated pursuant to a written agreement and/or declaration of trust. These agreements and/or declarations of trust are incorporated by reference into and are a material part of the collective bargaining agreement(s) between Smedley and the Union.

15. Upon information and belief, at all times material and relevant to this action, Smedley has employed employees who have performed covered work under the collective bargaining agreement(s).

16. Smedley is obligated under the collective bargaining agreement(s) to timely submit reports and fringe benefit contributions to the Funds. Smedley is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Smedley's employees at the rates established for each of the Funds in the collective bargaining agreement(s).

17. The collective bargaining agreement(s) require that contributions due to the Funds are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

18. Smedley failed to timely report the hours of covered work performed by its employees during July and August 2018 to the Funds, and failed to timely remit payments for the contributions owing thereon. As a result, Smedley is in breach of the collective bargaining agreement(s).

19. Smedley also failed to timely report the hours of covered work performed by its employees during September through December 2018, and has failed to remit payment of the contributions owing thereon to the Funds. As a result, Smedley is in breach of the collective bargaining agreement(s).

20. Smedley is liable to the Funds for delinquent contributions in the amount of nineteen thousand, eight hundred fifty-four and 81/100 dollars ($19,854.81) for the months of September through December 2018. As a result, Smedley is in breach of the collective bargaining agreement(s).

21. The collective bargaining agreement(s), the trust agreements, and ERISA provide remedies to the Funds in the event an employer fails to make required contributions. Among the remedies available are costs of collection, attorneys' fees, interest, and liquidated damages.

22. Pursuant to the collective bargaining agreement(s) and the trust agreements

incorporated therein, Smedley is liable to the Funds for liquidated damages of twelve percent (12%) of delinquent contributions. Accordingly, Smedley is liable to the Funds for liquidated damages in the amount of three thousand, six hundred seventy-one and 74/100 dollars ($3,671.74) upon the untimely and the unpaid contributions for the hours of covered work performed during July through December 2018.

23. Pursuant to the collective bargaining agreement(s) and the trust agreements incorporated therein, Smedley is liable to the Funds for interest at the rate of twelve percent (12%) *per annum* upon the delinquent contributions and the liquidated damages. Accordingly, as of January 29, 2019, Smedley is liable to the Funds for accrued interest in the amount of seven hundred eighty-two and 29/100 dollars ($782.29) upon the untimely and the unpaid contributions for the hours of covered work performed during July through December 2018, and liquidated damages thereon. Interest continues to accrue.

24. The Funds have incurred attorneys' fees and other costs in their efforts to remedy Smedley's failure to pay fringe benefit contributions. The Funds are entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreement(s) and by law.

25. Under the Funds' written agreements and/or declarations of trust and by law, the Funds have the right to audit any of the books and records of employers obligated to remit reports and contributions to the Funds, in order to ensure that such employers are in compliance with their reporting and contribution obligations. Moreover, under the trust agreements and by law, the Funds are entitled to seek judicial relief compelling an audit of any contributing employer who fails or refuses to submit to an audit of its books and records, and further, are entitled to recover the costs and expenses incurred by the Funds in seeking such judicial relief.

26. Under the collective bargaining agreement(s) and ERISA, Smedley is obligated to pay any delinquent contributions as may be revealed by an audit of its books and records, and further, is obligated to pay liquidated damages and interest that the Funds assess upon such delinquent contributions. Accordingly, to the extent an audit of Smedley reveals the existence of any unpaid and delinquent contributions, Smedley is liable to the Funds for such contributions, liquidated damages, and interest. Smedley is also liable to pay the Funds' costs and reasonable attorney's fees for the collection of these amounts.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

a) Finding that Smedley is liable to the Plaintiff Funds in the amount of twenty-four thousand, three hundred and eight and 84/100 dollars ($24,308.84) (contributions - $19,854.81; liquidated damages - $3,671.74, and interest accrued through January 29, 2019 - $782.29) and entering judgment against Smedley and in favor of the Plaintiffs for these amounts, plus interest that accrues from January 29, 2019 through the date judgment is entered;

b) Requiring Smedley to permit a qualified, certified public accountant, selected by the Plaintiffs, to audit Smedley's books and records at Smedley's expense to determine any other contributions, liquidated damages, and interest that may be due and owing the Plaintiff Funds pursuant to the collective bargaining agreement(s);

c) Allowing the Plaintiffs to apply for an award against Smedley for additional amounts that are determined due and owing based on the audit, on employer reports received after the filing of this action, or on another valid method of estimating the contributions that are due and owing, plus liquidated damages and/or interest on the fringe benefit contributions due and owing as of the date judgment is entered and thereafter;

    d) Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

    e) Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

            Respectfully submitted,

            **BLAKE & UHLIG, P.A.**
            753 State Avenue, Suite 475
            Kansas City, Kansas 66101
            Telephone:  (913) 321-8884
            Facsimile:  (913) 321-2396

        By  /s/ Scott L. Brown
            Scott L. Brown, KS Bar # 20580
            **ATTORNEYS FOR PLAINTIFFS**